JOHN FORSTER, Respondent, v. PIO PICO, Appellant.

Nos. 3922 and 3953; August 5, 1874.

**Appeal—Review of Finding of Jury.**—When on a particular point in a case the question of fact has been submitted to a jury, and the latter's finding thereupon is deemed, on appeal, as sufficiently supported by the evidence, such finding will not be disturbed.

**Appeal—Review of Finding on Conflicting Testimony.**—A finding by the trial court upon evidence substantially conflicting will not be disturbed on appeal.

**Quieting Title—Appeal.**—Findings of the Trial Court, discrediting pretenses advanced to defend the occupancy of land, are not to be disturbed when justified by the evidence.

APPEAL from Eighteenth Judicial District, San Diego County.

F. Ganahl, V. E. Howard, W. Jeff. Gatewood and J. Hartman for respondent; A. Branson and C. P. Taggart for appellant.

WALLACE, C. J.—These appeals are taken in the same original action which was commenced by the plaintiff against all the defendants to obtain a decree quieting his title to the premises in controversy.

The premises were granted in 1841 by Governor Alvarado to Andres and Pio Pico, and were finally confirmed to them by the authorities of the United States in 1866.

In 1862 Andres conveyed his interest to Pio, and the latter in 1864 executed and delivered to the plaintiff a deed of conveyance, purporting to convey to him the entire premises.

The defense set up by the defendant Pio Pico in this action is, that the interest which was conveyed by Andres to him in 1862 was, in fact, held by him only in trust for the grantor, and that the deed made by him to the plaintiff in 1864 was intended to convey only the undivided one-half of the premises, which belonged to Andres, the latter having agreed with the plaintiff that such a conveyance should be made. The question of fact upon this point was submitted to a jury, who found that Pio Pico intended, at the time of the delivery of the deed, to convey the whole, and not merely the one-half, of the premises to the plaintiff, and was not induced to make the deed by any fraudulent representations by or on behalf of the plaintiff, etc. The evidence fully supports this finding.

Numerous exceptions to the action of the court at the trial appear in the record, but upon considering them, we think that there is no error shown which would justify a reversal of the judgment against Pio Pico rendered below.

The other defendants who have taken the appeal in case No. 3922 are the widow and children of Jose Antonio Pico, deceased, and in the court below they set up the defense that Jose Antonio (a brother of Andres and Pio Pico) was in fact the owner of an undivided one-fourth of the premises sued for, and that they became seised thereof at his death in the year 1871. In support of this claim upon their part they

relied at the trial principally upon a declaration averred to have been made in writing by the defendant Pio Pico in the year 1845, to the effect that the premises belonged in equal shares to Andres, Pio, and Jose Antonio Pico and Dona Maria Ygnacia Alvarado (wife of Pio Pico); but the court found the fact to be that this alleged declaration in writing was never made by Pio Pico, and the evidence being substantially conflicting upon that point, the finding will not be disturbed here. The court below found, too, that the pretenses set up by the defendants (who are the widow and children of Jose Antonio Pico), to the effect that the latter, in his lifetime, had possessed the lands in controversy, or some portion thereof, as a part owner, or as claiming an interest for himself therein, were not true in point of fact, but that, on the contrary, he had repeatedly attempted to purchase an interest therein from Pio Pico prior to 1864, and after that year had endeavored to obtain an interest from the plaintiff (who had in the meantime received from Pio Pico the deed which formed the principal point of controversy in case No. 3953), and always without success. The evidence in the record fully justifies the finding in this respect.

We discover no error in the record which would justify a reversal of the judgment below, and it results that in each of these cases the judgment and order denying a new trial must be affirmed.

And it is so ordered, the remittitur to issue forthwith.

We concur: Crockett, J.; Niles, J.; Rhodes, J.